UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------------
MARTIN J. WALSH, Secretary of Labor,         :
United States Department of Labor,

                                                        :

                    Plaintiff,                                 **COMPLAINT**
      v.                                                   :
FULLERTON LANDSCAPES, LLC d/b/a            Civil Action No. 2:21-cv-12114
FULLERTON LANDSCAPE ARCHITECTS; and    :
DOUGLAS B. FULLERTON, individually,

                                                        :

                  Defendants.
---------------------------------------------------------------------   :

      Plaintiff MARTIN J. WALSH, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under sections 7 and 11 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("the Act" or "the FLSA"), alleging Defendants violated sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act, to recover back wages, liquidated damages, and to enjoin acts and practices which violate the provisions of the FLSA, and to obtain other appropriate relief.

      Defendants, who operate a company providing a range of landscaping services in design and construction, have willfully violated the FLSA by failing to pay their employees the applicable overtime premiums for hours worked in excess of forty each week and by failing to keep accurate and/or complete time and pay records. From on or about August 24, 2016 through at least August 23, 2019 (the "relevant time period"), Defendants did not pay proper overtime to their employees who typically and regularly worked between approximately 50 and 70 hours per week and Defendants did not keep records of all hours worked by employees and wages paid to employees. Instead, Defendants paid employees impermissibly low overtime rates that were roughly their regular hourly rate for all hours worked, and in some cases less than their hourly rate. Defendants

also failed to maintain and produce records reflecting hours worked by employees on a daily and weekly basis.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. In accordance with 28 U.S.C. § 1391(b)(1) and (b) (2), venue is proper in the United States District Court for the District of New Jersey because a substantial part of the events and/or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

3. Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff in this action.

4. Defendant Fullerton Landscapes, LLC d/b/a/ Fullerton Landscape Architects ("Fullerton Landscapes") is a corporation organized under the laws of the state of New Jersey, having its principal place of business at 52 Main Street, Succasunna, New Jersey 07876, within the jurisdiction of this Court, where it is engaged in operating a landscaping design and construction business.

5. Defendant Fullerton Landscapes has regulated the employment of all persons employed by it and acted directly and indirectly in the corporation's interests in relation to its employees, and is thus an employer of its employees within the meaning of section 3(d) of the Act.

6. Defendant Douglas B. Fullerton ("Fullerton") is and was in active control of the management of Fullerton Landscapes during the relevant time period.

7. Upon information and belief, Defendant Fullerton resides in the state of New Jersey, within the jurisdiction of this Court.

8. Defendant Fullerton is married to Mayling C. Fullerton, who is a partial owner of Fullerton Landscapes.

9. Defendant Fullerton had the authority to hire and terminate employees of Defendant Fullerton Landscapes during the relevant time period.

10. Defendant Fullerton hired employees of Defendant Fullerton Landscapes during the relevant time period.

11. Defendant Fullerton had the authority to supervise and control employee work schedules or conditions of employment of Defendant Fullerton Landscapes during the relevant time period.

12. Defendant Fullerton supervised employees of Defendant Fullerton Landscapes during the relevant time period.

13. Defendant Fullerton set the work schedules of employees of Defendant Fullerton Landscapes during the relevant time period.

14. Defendant Fullerton had the authority to determine the rate and method of payment of employees of Defendant Fullerton Landscapes during the relevant time period.

15. Defendant Fullerton set pay rates of employees of Defendant Fullerton Landscapes during the relevant time period.

16. Defendant Fullerton had the authority to maintain employment records of Defendant Fullerton Landscapes during the relevant time period.

17. Defendant Fullerton maintained employment records of Defendant Fullerton Landscapes during the relevant time period.

18. Accordingly, Defendant Fullerton regulated the employment of all persons employed by him and is a person acting directly or indirectly in the interests of Defendant Fullerton Landscapes in relation to the employees during the relevant time period, and is thus an employer within the meaning of section 3(d) of the Act.

### Defendants Are an Enterprise Engaged in Commerce

19. The business activities of the Defendants, as described herein, are related and performed through unified operation of common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act.

20. Defendants have employed and are employing employees as laborers, brick and block masons, and foremen, including those employees listed as Exhibit A, in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including the employment of employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person, such as masonry tools and materials, soil, plants, and shrubs.

21. The enterprise, Defendant Fullerton Landscapes, has an annual gross volume of sales made or business done in an amount not less than $500,000 at all times relevant to this Complaint.

22. Therefore, Defendants' employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act.

### Tolling Agreement

23. On or about April 23, 2019, Defendants and the Secretary knowingly and voluntarily entered into a Statute of Limitations Tolling Agreement ("tolling agreement").

24. The tolling agreement tolls the applicable statute of limitations beginning on April 23, 2019 through the date the tolling agreement is terminated.

25. The Secretary terminated the tolling agreement effective June 2, 2021.

26. Accordingly, the statute of limitations is tolled from April 23, 2019 through June 2, 2021.

### Defendant's Pay Practices

27. From on or about August 24, 2016 through at least August 23, 2019, Defendants employed approximately 32 employees in several job categories, including laborers, brick and block masons, and foremen.

28. Defendants paid their non-exempt employees hourly rates ranging from $10.00 to $30.00.

29. During the relevant time period, Defendants paid their employees for all hours worked by check.

30. During the relevant time period, Defendants' employees typically worked between 50-70 hours in a workweek.

### Defendants Failed to Pay Proper Overtime

31. Defendants did not pay employees the required premium of one and one-half times the employees' regular rates for hours worked in excess of forty in a workweek.

32. Defendants paid their employees at either their regular hourly rate of pay or rates just above or below their regular hourly rate for hours worked in excess of forty hours in a workweek.

33. For example, in the week ending May 5, 2017, Defendant's records indicate that an employee, whose normal rate of pay was $15.00, worked 50.50 hours and was paid $707.47, making just over $14.00 per hour for all hours worked.

34. As another example, in the week ending July 6, 2018, Defendants' records indicate that an employee, whose regular rate of pay was $26.50 per hour, worked 63.50 hours and was paid $1619.38, thus earning just over $25.50 per hour for all hours worked.

35. As a result of the unlawful practices described herein, Defendants failed to compensate approximately 32 employees for work performed in workweeks longer than forty hours at a rate not less than one and one-half times the regular rate at which they were employed.

### Defendants Failed to Keep Adequate and Complete Records

36. During the relevant time period, Defendants failed to make, keep, and/or preserve adequate and accurate records, including employees' actual total daily and weekly hours worked, overtime hours worked, and total weekly wages paid as prescribed by the regulations at 29 C.F.R. Part 516.

37. Defendants were required to make, keep, and preserve records of the persons employed by them, including, but not limited to, total hours worked each workday and workweek and the total regular and overtime wages paid each pay period for a period of three years and make them available for inspection by the Department of Labor upon request. During the relevant time period, Defendants failed to maintain and preserve basic time records worked on a daily and weekly basis, as well as an accurate set of payroll records including accurate records of employees' hours worked.

38. Employees recorded their starting and ending work times by completing a worksheet maintained by Defendants' foremen, who submitted the worksheets to Defendants on a daily basis. Defendants failed to maintain and produce the worksheets in response to the Secretary's request to inspect.

### Defendants' Actions Were Willful

39. For hours worked in excess of forty hours per week, Defendants claim they purportedly paid employees using a variable base hourly rate that changed depending on the number of total hours worked each week.

40. By paying employees additional compensation for hours worked over 40 in a week, Defendants were aware that they were required to pay employees more than their regular rates of pay for hours worked in excess of forty in a workweek.

41. The variable base hourly rate used by Defendants to compensate employees for hours worked in excess of forty in a workweek did not comply with the requirements of the FLSA.

42. Defendants failed to investigate or inquire whether their variable base hourly rate methodology complied with the FLSA.

43. Defendant Fullerton stated it was impossible to pay the overtime rate in the landscaping industry for a worker earning as much as $23.00 per hour.

44. Defendant Fullerton Landscapes was previously investigated by the New Jersey Division of Wage and Hour Compliance concerning wage payment issues.

45. Accordingly, Defendants' failure to pay overtime and failure to make, keep, and/or preserve records of overtime hours worked during the relevant time period was willful.

## FIRST CAUSE OF ACTION

**Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime**

46. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 through 45.

47. Defendants willfully and repeatedly violated sections 7 and 15(a)(2) of the Act by failing to pay at least 32 employees for all hours worked in workweeks longer than forty hours without compensating the employees at a rate not less than one and one-half the regular rate at which they were employed.

48. Accordingly, Defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages pursuant to section 16(c) of the Act or, in the event liquidated damages are

not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the Act.

## SECOND CAUSE OF ACTION

**Violation of Sections 11(c) and 15(a)(5) of the FLSA, Recordkeeping**

49.     The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 through 48.

50.     Defendants willfully and repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that Defendants failed to make, keep, and/or preserve adequate and accurate records, including employees' actual daily and weekly hours worked, overtime hours worked and total weekly wages paid, as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

## RELIEF REQUESTED

**WHEREFORE**, cause having been shown, Plaintiff respectfully requests a judgment against Defendants providing the following relief:

(1)     An injunction issued pursuant to section 17 of the Act permanently restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from violating the provisions of sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act;

(2)     An order pursuant to section 16(c) of the Act finding Defendants liable for unpaid overtime compensation found due to Defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional overtime compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint); or,

(3)     In the event liquidated damages are not awarded, for an injunction pursuant to section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime compensation found due to Defendants' employees, and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

(4)     An order compelling Defendants to reimburse the Secretary for the costs of this action; and

(5)     An order granting such other relief as the Court may deem necessary and appropriate.

DATED:      June 3, 2021
            New York, New York

ELENA S. GOLDSTEIN
Acting Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

/s ROLANDO N. VALDEZ
ROLANDO N. VALDEZ
Senior Trial Attorney

U.S. Department of Labor
Office of the Solicitor
201 Varick Street, Room 983
New York, NY 10014
Tel: 646-264-3615
Valdez.Rolando@dol.gov

Attorneys for Plaintiff, Secretary of Labor Martin J. Walsh